IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Douglas Kling,

                Plaintiff,

    vs.                                          CASE NO. 10-3221-RDR

James Beck,

                Defendant.

## O R D E R

This is a civil rights action brought by the plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, now a prisoner in the Lansing Correctional Facility, alleges that he was the victim of excessive force while he was a prisoner at the Marshall County Jail in August 2010. The defendants are James R. Beck, the jailer at the Marshall County Jail, and David Ohlde, an officer with the Marysville Police Department.[1] This matter is presently before the court upon plaintiff's motion for preliminary injunction.

In his motion, he seeks to enjoin the defendant Beck and his employer, the Marshall County Confinement Center (a/k/a Marshall County Jail), from (1) confining him in retaliation for this action; (2) committing any acts which violate his constitutional rights; and (3) forcing him to be held in a county jail that has ill-will towards him during any pending action in Marshall County. Plaintiff argues that he has an appeal pending in the Kansas Court of Appeals on the

---

[1] Beck was the original defendant in this case. Officer Ohlde was recently added to the case as a defendant on June 8, 2012, when plaintiff filed an amended complaint.

convictions that led to his present incarceration at the Lansing Correctional Facility. He asserts that he anticipates that the case will be remanded to Marshall County and that he would then be subjected to confinement in the Marshall County Confinement Center. He contends that, based upon his prior experiences at the jail which are the subject of this lawsuit, he will be subjected to additional harm. He argues that such harm constitutes irreparable harm.

In response, defendant Beck contends that plaintiff's motion should be denied because (1) the assumptions contained in the motion are unfounded and speculative; and (2) even if plaintiff's appeal is successful, plaintiff will not be returned to the Marshall County Jail.

Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order or preliminary injunction may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." To obtain temporary or preliminary injunctive relief, a moving party must be able to demonstrate that there is a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury if preliminary injunctive relief is not provided; that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and that issuance of the preliminary injunctions would not be adverse to the public interest. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

2

The Tenth Circuit has stated that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Thus, a grant of such relief "is the exception rather than the rule ." GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984).

The court finds that plaintiff has not made the extraordinary showing that is required for a preliminary injunction. As correctly noted by the defendant, plaintiff's contentions are unfounded and speculative. Plaintiff has certainly made no showing that he will obtain relief on his current appeal. Moreover, the defendant has shown that plaintiff will not be housed in the Marshall County Jail even if he does prevail on his appeal. In sum, the court finds that plaintiff has failed to show any basis for his contention that he will suffer harm at the hands of the defendant in the future. Plaintiff's motion shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for preliminary injunction (Doc. # 44) be hereby denied.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2012 at Topeka, Kansas.

                                                s/Richard D. Rogers
                                                United States District Judge